2008 UT App 148

**STATE of Utah, Plaintiff and Appellee,**

v.

**Paul Ryan HALL, Defendant and Appellant.**

**No. 20070350–CA.**

Court of Appeals of Utah.

April 24, 2008.

Randall W. Richards, Ogden, for Appellant.

Mark L. Shurtleff, atty. gen., and Joanne C. Slotnik, asst. atty. gen., Salt Lake City, for Appellee.

Before THORNE, Associate P.J., McHUGH and ORME, JJ.

## MEMORANDUM DECISION

THORNE, Associate Presiding Judge:

¶ 1 Paul Ryan Hall appeals his conviction for theft, *see* Utah Code Ann. § 76–6–404 (2003), as a third degree felony offense. Hall argues that the district court erroneously enhanced the charge from a class B misdemeanor to a third degree felony, *see id.* § 76–6–412(1)(b), based on his prior convictions for theft and burglary of a vehicle. Hall concedes that his theft conviction qualifies as an enhancing offense but contends that his conviction for burglary of a vehicle does not. We affirm.

¶ 2 Utah Code section 76–6–412 classifies a theft as a third degree felony if "the actor has been twice before convicted of theft, any robbery, or *any burglary* with intent to com-

mit theft." *Id.* § 76–6–412(1)(b)(ii) (emphasis added). Hall argues that the word "burglary," as it is used in section 76–6–412, refers specifically to the crime of burglary as defined in Utah Code section 76–6–202, *see id.* § 76–6–202. Section 76–6–202 states that one commits burglary when one "enters or remains unlawfully in a building or any portion of a building with intent to commit" any of a number of enumerated crimes, including theft. *Id.* § 76–6–202(1). By contrast, burglary of a vehicle under Utah Code section 76–6–204 consists of "unlawfully enter[ing] any vehicle with intent to commit a felony or theft." *Id.* § 76–6–204(1). Hall argues that burglary of a vehicle is a crime separate and distinct from burglary and does not constitute "any burglary" for theft enhancement purposes.

¶ 3 Hall's argument presents a question of statutory construction, and we accordingly look first to the plain language of the statute. *See State v. Richardson,* 2006 UT App 238, ¶ 13, 139 P.3d 278. "When interpreting the plain language of a particular statute, 'courts presume that the legislature used each word advisedly and give effect to each term according to its ordinary and accepted meaning.'" *Id.* (quoting *State v. Germonto,* 2003 UT App 217, ¶ 7, 73 P.3d 978).

¶ 4 The legislature's use of the word "any" to modify "burglary" clearly evinces the legislature's awareness that there is more than one type of burglary under the Utah Code, as well as its intent to include each type of burglary as an enhancing offense if committed with the requisite intent.[1] Not surprisingly, the Utah Code does include several different burglary offenses, including burglary, *see* Utah Code Ann. § 76–6–202, aggravated burglary, *see id.* § 76–6–203, burglary of a vehicle, *see id.* § 76–6–204, and burglary of a research facility, *see id.* § 76–10–2002. Further, each of these types of burglaries may be committed with an intent to commit theft, and each is at least a class A misdemeanor. In light of these facts, we see no reason to interpret "any burglary" to mean anything other than *any* burglary, whether

---

1. The record indicates, and Hall concedes in his appellate brief, that his prior burglary of a vehi-

cle was committed with intent to commit a theft.

such burglary is of a home, a vehicle, or some other place. While the legislature could have chosen to enumerate each type of burglary separately, it instead used the word "any" to incorporate all existing burglary statutes, and all burglary statutes that may be passed in the future.[2]

¶ 5 We further agree with the sentiments expressed by the district court in denying Hall's motion to dismiss. The district court stated: "The legislature's intent, looking at this unambiguous language, appears to be to punish theft more severely when the actor has been repeatedly convicted of crimes involving theft: thefts, robberies, and burglaries involving the intent to commit theft." To read "any burglary" so narrowly as to exclude burglary of a vehicle not only contradicts the plain meaning of the statute but undermines the apparent intent of the legislature in creating an elevated charge for those who repeatedly commit theft-related offenses.

¶ 6 Based on the plain language of the statute and Hall's prior convictions, we find that Hall's theft conviction was properly enhanced to a third degree felony. Therefore, the district court did not err in denying Hall's motion to dismiss, and we affirm the district court's order.

¶ 7 WE CONCUR: CAROLYN B. McHUGH, Judge and GREGORY K. ORME, Judge.

---

**2.** For example, the legislature recently passed a bill creating the crime of burglary of a railroad car. *See* S.B. 94, 56th Leg., Gen. Sess. (Utah 2008) (making burglary of a railroad car with intent to commit a felony or theft a third degree felony) (to be codified as Utah Code Ann. § 76–6–204.5).